IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:16-CR-122-ALM-CAN |
| | § | |
| DAPHNE BRIANN TORRES (2) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Daphne Briann Torres's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on November 3, 2022, to determine whether Defendant violated her supervised release. Defendant was represented by Doug Schopmeyer of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Earnest Gonzalez.

Defendant was sentenced on September 15, 2017, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Theft or Receipt of Stolen Mail Matter Generally, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 14 and a criminal history category of I, was 15 to 21 months. Defendant was subsequently sentenced to 18 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, no new credit, no gambling, substance abuse testing and treatment, mental health treatment, GED requirement, restitution of $517.34, and a $100 special assessment. On December 21, 2018, Defendant completed her period of imprisonment and began service of the supervision term. On October 25, 2019, this case was

reassigned to The Honorable Amos L. Mazzant, III, U.S. District Judge for the Eastern District of Texas.

On December 6, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 202, Sealed]. The Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) You must refrain from any unlawful use of a controlled substance; (2) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer; (3) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (4) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; and (5) You must reside in a residential reentry center or similar facility, in a community corrections component, for a period of up to 180 days to commence immediately. You must abide by the rules and regulations of the center and due to the outstanding restitution/fine balance as well as homeless status, subsistence is waived. Should you obtain a residence approved by the probation officer during the 180-day placement, you must be released [Dkt. 202 at 1-3, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On April 27, 2021, Defendant submitted a urine sample which tested positive for marijuana. She subsequently admitted to using marijuana and signed an admission form stating such. On June 4, 2021, Defendant submitted a urine sample which tested positive for marijuana. The sample was forwarded to Alere Laboratory where it was confirmed. On September 21, 2021, Defendant submitted a urine sample which tested positive for marijuana. She subsequently admitted verbally to using marijuana. On October 6, 2021, Defendant submitted a urine sample which tested positive for marijuana. The sample was forwarded to Alere Laboratory where it was confirmed. On October 21, 2021, Defendant submitted a urine sample which tested positive for marijuana. The sample was forwarded to Alere Laboratory where it was confirmed; (2) On April 10, 2019, Defendant violated the rules of the County Rehabilitation Center in Tyler, TX, by associating with federal offender Jessie Reyna. Defendant signed an admission for admitting to the violation; (3) Defendant failed to submit a urine sample as directed on August 10, October 5, October 20, and November 9, 2021; (4) Defendant failed to attend mental health counseling sessions at Phoenix Associates Counseling Services in November and December, 2020; February, March, and April, 2021. In May 2021, Defendant was unsuccessfully discharged from mental health counseling at Phoenix Associates Counseling Services due to absences and lack of participation. Defendant failed to attend mental health counseling sessions at Centro de mi Salud on June 10 and September 2, 2021; and (5) On April 19, 2019, Defendant was found in possession of a cell phone in violation of the rules and regulations of the County Rehabilitation Center. On May 28, 2019, Defendant was unsuccessfully discharged from the residential reentry center for failing to follow the rules of the facility [Dkt. 202 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations in the Petition. Having considered the Petition and the plea of true to allegations 1 through 5, the Court finds that Defendant did violate her conditions of supervised release.

Defendant waived her right to allocute before the District Judge and her right to object to the report and recommendation of this Court [Dkts. 227; 228].

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of four (4) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility at Cimarron Correctional Facility in Cushing, Oklahoma, if appropriate.

**SIGNED this 11th day of November, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE